IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

GLYNN-BRUNSWICK HOSPITAL
AUTHORITY; and SOUTHEAST GEORGIA
HEALTH SYSTEMS, INC.,

    Plaintiffs,

v.

BECTON, DICKINSON AND COMPANY,

    Defendant.

CIVIL ACTION NO.: 2:15-cv-91

# O R D E R

This matter is before the Court on Defendant's Motion to Stay Discovery (doc. 10) and Plaintiffs' Stipulation Motion for Extension of Time (doc. 24). Defendant submits that discovery should be stayed until such time as the Court enters a ruling on its Motion to Dismiss (doc. 9). In their Stipulation Motion, Plaintiffs submit they do not oppose Defendants' Motion to Stay. Additionally, Plaintiffs request and relay that Defendant consents to an extension of time of the deadlines regarding Defendant's Motion to Dismiss. (Doc. 24.) After careful consideration, Defendant's Motion to Stay and Plaintiffs' Stipulation Motion are **GRANTED**.

With regard to the timing of discovery, the Court of Appeals for the Eleventh Circuit has recognized that

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted). For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); Berry v. Canady, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

In the case at hand, the Court finds that good cause exists to stay this case until such time as a ruling is made on Defendant's motion and that no prejudice will accrue to the parties if a stay is granted. Specifically, a ruling on Defendant's Motion to Dismiss before the commencement of discovery may save the parties time and resources by clarifying what issues the parties will need to address in discovery.

THEREFORE, IT IS HEREBY ORDERED that all proceedings, including discovery, are stayed pending a ruling by the Court on Defendant's Motion to Dismiss. Additionally, should this case remain pending before the Court, **within twenty-one (21) days** following the Court's ruling on Defendant's Motion to Dismiss, the parties are directed to meet and confer pursuant to Rule 26(f). The parties are further directed to file a Rule 26(f) Report **within fourteen (14) days** of the Rule 26(f) conference at which time a Scheduling Order will be entered by the Court.

IT IS FURTHER ORDERED that Plaintiffs shall have up to and including **September 16, 2015**, to respond to Defendant's Motion to Dismiss, and Defendant shall have up to and including **October 12, 2015**, to file any desired reply.

**SO ORDERED**, this 2nd day of September, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA